IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONALD E. DOUDS, Sr., #44579-061, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-01144-JPG |
| | ) | |
| HAROLD GILLIAN, | ) | |
| TIMOTHY ADESANYA, | ) | |
| MRS. BRAGGS, and | ) | |
| DR. KRUSE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of a Motion for Summary Judgment filed by Defendants Gillian, Adesanya, Braggs, and Kruse. (Doc. 38). Defendants seek dismissal of this action because Plaintiff failed to properly exhaust his administrative remedies and timely file this lawsuit. (*Id*.). For the reasons set forth below, Defendants' Motion for Summary Judgment shall be **GRANTED**.

### PROCEDURAL HISTORY

In his Complaint, Plaintiff Ronald E. Douds alleges violations of his rights by federal agents pursuant to the Federal Tort Claims Act and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). (Doc. 1). Plaintiff claims that officials at three federal facilities provided inadequate medical treatment for his back, leg, and foot pain. (*Id*.). Following preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with a single *Bivens* claim ("Count 3") against Defendants Gillian, Adesanya, Braggs, and Kruse for their

1

deliberate indifference to Plaintiff's medical conditions while he was housed at the Federal Correctional Center in Greenville, Illinois.[1] (Doc. 7).

On February 15, 2019, Defendants filed a Motion for Summary Judgment seeking dismissal of Plaintiff's claim for failure to exhaust his administrative remedies and for failure to timely file this action. (Doc. 38). Plaintiff filed a *pro se* Response in opposition to the motion on March 5, 2019. (Doc. 40). Defendants filed a reply on March 29, 2019. (Doc. 46).

## RELEVANT FACTS

The following facts are taken from the record and presented in the light most favorable to Plaintiff, who is the non-moving party. All reasonable inferences are drawn in his favor. *See Ricci v. DeStefano*, 557 U.S. 557, 585 (2009).

**A.    The Parties**

Plaintiff Ronald E. Douds (Inmate No. 44579-061) is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is currently incarcerated in the Federal Correctional Institution located in Pekin, Illinois ("FCI-Pekin"). (Doc. 38-1, Ex. A, ¶ 3). At all times relevant to this action, Plaintiff was housed at the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"). (*Id*.). He was initially housed at FCI-Greenville from June 1, 2010 until April 10, 2012. (*Id*.; Doc. 1, p. 8). He was housed there again from April 8, 2013 until July 15, 2015. (Doc. 38-1, Ex. A, ¶ 3). According to the allegations in the Complaint (Doc. 1) and the medical care described in the exhibits (Docs. 1-1, 1-2, and 4), the events giving rise to this action occurred during Plaintiff's first period of incarceration at FCI-Greenville between December 2010 and April 2012. (Docs. 1, 1-1, 1-2, and 4).

---

[1] The Court dismissed an FTCA claim (Count 1) against the United States and severed two *Bivens* claims (Counts 2 and 4) against federal officials whose misconduct occurred outside this District. (Doc. 7).

Defendant Timothy Adesanya was previously employed by the BOP as a physician's assistant/mid-level practitioner. (Doc. 38-2, Ex. B, ¶ 1). He served in this position at FCI-Greenville from December 20, 1998 until December 31, 2011. (*Id*.). Adesanya retired from employment with the BOP on December 31, 2011 and has had no subsequent involvement in Plaintiff's care. (*Id*. at ¶ 2).

Defendant Harold Gillian was previously employed by the BOP as a physician's assistant/mid-level practitioner. (Doc. 38-3, Ex. C, ¶ 1). He served in this position at FCI-Greenville from August 16, 1998 until December 28, 2012. (*Id*.). Gillian retired from the BOP on December 28, 2012 and has had no subsequent involvement in Plaintiff's care. (*Id*. at ¶ 2).

Defendant Dr. Kruse was previously employed by the BOP as a physician/clinical director. (Doc. 38-4, Ex. D, ¶ 1). He served in this position at FCI-Greenville from January 30, 2011 until January 23, 2016, when he left federal employment for a position in the private sector. (*Id*.). Kruse was involved in Plaintiff's medical care during both periods of incarceration. (*Id*. at ¶ 2). After Plaintiff transferred from FCI-Greenville on July 15, 2015, Kruse had no further involvement in his care. (*Id*.).

Defendant Mrs. Braggs was previously employed by the BOP as a medical records technician. (Doc. 38-5, Ex. E, ¶ 1). She served in this position at FCI-Greenville from July 1, 2001 until she retired on November 30, 2016. (*Id*.). Braggs did not provide clinical or medical treatment to inmates. (*Id*. at ¶ 3). She performed administrative duties in the Health Services Unit. (*Id*.). These duties included maintaining medical records, photocopying records, closing record reviews, medical data collection, and policy review for the Medical Records Department. (*Id*. at ¶ 2). Following Plaintiff's transfer from FCI-Greenville on July 15, 2015, she had no further involvement with him. (*Id*. at ¶ 4).

## B. Plaintiff's Medical Care

Plaintiff complains of an inordinate delay in the diagnosis and treatment of his ongoing back, leg, and foot pain at FCI-Greenville. (Doc. 1). Between December 2010 and November 2011, Plaintiff met with Physician's Assistant Gillian to discuss his symptoms of pain and loss of mobility on several occasions. (*Id*. at pp. 8-9). He also complained of back pain to Mrs. Braggs on December 1, 2011, and she told him to submit a request for treatment with medical staff. (*Id*. at p. 11). Plaintiff complained of ongoing symptoms to Physician's Assistant Adesanya on December 5, 2011. (*Id*. at pp. 15-17).

On December 8, 2011, Plaintiff was sent to Greenville Regional Hospital for a CT scan of his spine. (*Id*. at pp. 17-18). The CT scan revealed minimal disc bulge without disc herniation at the L4-L5 level and posterior disc/osteophyte complex at the L5-S1 level. (*Id*.). Plaintiff was sent for further evaluation with an outside provider, who recommended surgery. (*Id*.).

On March 9, 2012, Physician's Assistant Gillian informed Plaintiff that the prison's doctors recommended a course of physical therapy before surgery. (*Id*. at p. 18). Although Dr. Kruse treated Plaintiff at FCI-Greenville during this time period, it is unclear who made this recommendation. In any event, Plaintiff transferred from FCI-Greenville less than a month later on April 10, 2012, presumably before receiving either course of treatment. (*Id*. at p. 19).

Plaintiff filed this lawsuit on May 22, 2018. (Doc. 1). He was allowed to proceed with a single *Bivens* claim (Count 3) against Defendants Gillian, Adesanya, Braggs, and Kruse for their deliberate indifference to his medical condition during Plaintiff's first period of incarceration at FCI-Greenville from June 1, 2010 through April 10, 2012. (*Id*. at p. 19; Doc. 7).

C.     **Plaintiff's Exhaustion of Administrative Remedies**

The parties identified 7 grievances in connection with this case. They are summarized herein.

1. Administrative Case No. 674718

Plaintiff initiated a single administrative remedy case (No. 674718) during his first period of confinement at FCI-Greenville that addresses the denial of medical care for his back, leg, and foot pain. (Doc. 38-1, Ex. A, ¶ 7). On February 2, 2012, he filed a BP-9 seeking proper medical treatment for his loss of mobility, and his grievance was rejected the same day. (*Id.*). The reason cited for the rejection was that Plaintiff did not attempt informal resolution before submitting his administrative grievance, the grievance was improper as to form, and the request was untimely. (*Id.*). Plaintiff did not appeal this decision. (*Id.*).

2. Administrative Case No. 734207

On May 13, 2013, Plaintiff filed a BP-9 (No. 734207) asking staff to stop penalizing inmates for seeking medical treatment. (Doc. 38-1, Ex. A, ¶ 8, Atts. 3-4). This grievance was rejected at all levels, with the final rejection dated June 27, 2013. (*Id.* at ¶¶ 8-10). The reasons cited for rejection were that Plaintiff failed to provide specific information to support his request, made no attempt at informal resolution before submitting it, and submitted an untimely grievance, among other things. (*Id.*). Plaintiff initiated this grievance while he was incarcerated at FCI-Greenville for the second time and more than a year after the events described the Complaint. (Doc. 38-1, Ex. A, ¶ 3).

3. Administrative Case No. 746973

Plaintiff filed a BP-8 on August 5, 2013 and a BP-9 (No. 746973) on August 20, 2013, in which he complained of inadequate medical care for ongoing leg pain and numbness. (Doc. 38-1,

5

Ex. A, ¶ 11, Atts. 3, 5). The grievance was rejected at all levels based on care Plaintiff received at FCI-Greenville following spinal surgery in 2013, with the final rejection dated February 3, 2015. (*Id*. at ¶¶ 11-13). Plaintiff filed this grievance while he was incarcerated at FCI-Greenville for the second time and almost sixteen months after the events in the Complaint. (Doc. 38-1, Ex. A, ¶ 3).

### 4. Administrative Case No. 821369

Plaintiff filed a BP-8 on October 18, 2017 and a BP-9 (No. 821369) on October 24, 2017 to complain of a delay in medical care and to request medical records. (Doc. 38-1, Ex. A, ¶ 14, Atts. 3, 6). This grievance was denied on June 17, 2015, and Plaintiff did not appeal. (*Id*.). Plaintiff filed the grievance while he was incarcerated at FCI-Greenville for the second time and more than 3 years after the events described the Complaint. (Doc. 38-1, Ex. A, ¶ 3).

### 5. Administrative Case No. 919378

Plaintiff filed a BP-8 on October 18, 2017 and a BP-9 (No. 919378) on October 24, 2017 to complain of stomach pain. (Doc. 38-1, Ex. A, ¶¶ 15-17, Atts. 7). The grievance was denied following his appeal at all levels because Plaintiff was scheduled to see an outside surgeon, with the final decision dated May 4, 2018. (*Id*.). Plaintiff filed this grievance more than 5½ years after the events described in the Complaint and nearly 3 years after he transferred from FCI-Greenville for the second time on July 15, 2015. (Doc. 38-1, Ex. A, ¶ 3).

### 6. Administrative Case No. 929777

Plaintiff filed a BP-8 on December 26, 2017 and a BP-9 (No. 929777) on February 5, 2018 to request medical care for internal/stomach pain. (Doc. 38-1, Ex. A, ¶¶ 18-20, Att. 8). The grievance was denied following an appeal at all levels on June 18, 2018. (*Id*. at ¶ 20). Plaintiff filed this grievance more than 5½ years after the events described the Complaint and more than 3 years after his second transfer from FCI-Greenville on July 15, 2015. (Doc. 38-1, Ex. A, ¶ 3).

7. <u>Administrative Case No. 940288</u>

Plaintiff's final grievance (No. 940288) addresses inadequate medical care he received at FCI-Pekin and is unrelated to this case. (Doc. 38-1, Ex. A, ¶¶ 21-23, Att. 9).

**LEGAL STANDARD**

Defendants now move for summary judgment on the basis of Plaintiff's failure to exhaust available administrative remedies and timely file this action within the two-year limitations period applicable to his claim. Summary judgment is appropriate only if the moving party can show "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celetex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the burden of establishing that no material facts are genuinely disputed. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Id.*

When presented with a motion for summary judgment, the Court does not decide the truth of the matters presented, and it cannot "choose between competing inferences or balance the relative weight of conflicting evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hansen v. Fincantieri Marine Grp., LLC,* 763 F.3d 832, 836 (7th Cir. 2014) (citations omitted); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir 1994). The Court must instead "view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Hansen*, 763 F.3d at 836. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party[,]" then a genuine dispute of material fact exists. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016).

CONCLUSIONS OF LAW

Based on the evidence in the record, the Court finds that Plaintiff's claim is time-barred. For *Bivens* claims, this court borrows the statute of limitations for personal-injury actions from the state where the alleged injury occurred. *Chambers v. Cross*, 788 F. App'x 1032, 1033 (7th Cir. Dec. 19, 2019) (citing *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000)). Plaintiff's injury occurred in Illinois, which imposes a two-year statute of limitations on personal-injury claims. 735 ILCS 5/13-202; *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017).

Plaintiff did not file this lawsuit within this two-year deadline. He was incarcerated at FCI-Greenville from June 1, 2010 to April 10, 2012 and again from April 8, 2013 to July 15, 2015. (*Id.*). Count 3 arises from the alleged denial of medical care for his back, leg, and foot pain during his first period of incarceration at FCI-Greenville. (Doc. 1). The last date referred to in the Complaint is April 8, 2012, and Plaintiff transferred from FCI-Greenville two days later on April 10, 2012. (Doc. 1, pp. 8, 19; Doc. 38-1, Ex. A, ¶ 3). Plaintiff did not file this suit until more than six years later on May 22, 2018—well beyond the two-year statute of limitations applicable to his claim.

Although the statute of limitations is tolled while a prisoner completes the administrative grievance process, tolling does not save Plaintiff's claim. *See* 42 U.S.C. § 1997e(a); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a). Proper exhaustion requires a prisoner to file complaints and appeals in the place, at the time, and in the manner required by the prison's administrative rules. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). For federal prisoners bringing a *Bivens* claim, the inmate must use the BOP's Administrative Remedy Program. *See* 28 C.F.R. §§ 542.10-542.19. In its normal course, the

grievance process involves four steps. First, the inmate must attempt informal resolution. 28 C.F.R. § 542.13. Second, if informal attempts do not resolve the grievance, the inmate must submit a formal "Administrative Remedy Request" written on a BP-9 form. 28 C.F.R. § 542.14. This form must be submitted within 20 calendar days of the event or injury giving rise to the complaint. 28 C.F.R. § 542.14. The Administrative Remedy Request must be answered by the warden of the institution where the inmate is located. 28 C.F.R. § 542.14. Third, if the inmate is not satisfied with the Warden's response to the Administrative Remedy Request, the inmate may appeal the Warden's decision to the appropriate Regional Director using a BP-10 form submitted within 20 calendar days of the Warden's response date. 28 C.F.R. § 542.15. Fourth, if the inmate remains dissatisfied with the Regional Director's response to the appeal, the inmate may appeal once more to the BOP General Counsel using a BP-11 form submitted within 30 calendar days of the Regional Director's response. 28 C.F.R. § 542.15. An appeal to the BOP General Counsel is the final step in the administrative review process, and the inmate's remedies are deemed exhausted when he receives a response from the BOP General Counsel or upon the expiration of the General Counsel's response time.

BOP regulations specify the response time for Administrative Remedy Requests and Appeals. 28 C.F.R. § 542.18. A warden must respond to an Administrative Remedy Request within 20 calendar days; a Regional Director must respond to an appeal within 30 calendar days; and the General Counsel must respond to an appeal within 40 calendar days. 28 C.F.R. § 542.18. BOP staff may extend the deadlines after notifying the inmate in writing. 28 C.F.R. § 542.18. If the designated BOP employee fails to timely respond, the inmate "may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. A federal prisoner may file a lawsuit only after he exhausts all available administrative remedies. *See* 42 U.S.C. § 1997e(a).

In connection with the denial of medical care for his back, leg, and foot pain during Plaintiff's first period of incarceration at FCI-Greenville from June 1, 2010 to April 10, 2012, Plaintiff filed a single grievance (No. 674718), which he did not exhaust. (Doc. 38-1, Ex. A, ¶ 7). Plaintiff's BP-9 was filed and rejected on February 2, 2012. (*Id.*). He did not appeal this decision. Because he terminated this grievance process before transferring from FCI-Greenville, his attempt at utilizing the administrative grievance process did not toll the statute of limitations.

During his second period of incarceration at FCI-Greenville from April 8, 2013 to July 15, 2015, Plaintiff initiated three more administrative remedy cases (Nos. 746973, 734207, and 821369). Case No. 746973 proceeded through all levels of appeal, Case No. 734207 was rejected at all levels, and Case No. 821369 was never appealed. However, all three grievances were initiated a year or more after the denial of medical care forming the basis of Count 3. According to 28 C.F.R. § 542.14, any remedy request must be submitted within 20 calendar days of the event at issue. None of these three grievances was timely filed in connection with Count 3 and also did not toll the statute of limitations.

Following his second period of incarceration at FCI-Greenville, Plaintiff initiated three additional administrative remedies cases (Nos. 919378, 929777, and 940288). Case No. 919378 focused on stomach pain and was appealed at all levels, Case No. 929777 focused on internal/stomach pain and was appealed at all levels, and Case No. 940288 addressed inadequate medical care at FCI-Pekin and was likewise appealed at all levels. However, none of these grievances addressed the back, leg, and foot pain at issue in Count 3 or was timely filed within 20 days of any events giving rise to this claim. These grievances also did not toll the applicable statute of limitations.

Even if the Court finds that Plaintiff properly exhausted the latest-filed grievance pertaining to his complaint of back, leg, and foot pain (*i.e.*, No. 746973), this action is still time-barred. The last grievance addressing these complaints was filed August 5, 2013 and denied for the final time on February 3, 2015. The two-year statute of limitations expired *at the latest* on February 3, 2017. Plaintiff filed his Complaint more than 15 months later on May 22, 2018.

The continuing violation doctrine does not operate to save this claim. Under some circumstances, this doctrine extends the accrual date of a cause of action until the constitutional violation ends. *Heard v. Sheahan*, 253 F.3d 316, 318-20 (7th Cir. 2001). Violations continue "for as long as the defendants ha[d] the power to do something about [the Plaintiff's] condition. . . ." *Heard*, 253 F.3d at 318. Defendants' involvement in Plaintiff's medical care ended well over two years before he commenced this action. Plaintiff transferred from FCI-Greenville, for the second time, on July 15, 2015, which was almost 3 years before he filed this suit. Defendants were not involved in his care long before this date. Adesanya had no involvement with Plaintiff's care after retiring from employment on December 31, 2011. (Doc. 38-2, Ex. B, ¶¶ 1-2). Gillian had no involvement in Plaintiff's care after retiring on December 28, 2012. (Doc. 38-3, Ex. C, ¶¶ 1-2). Kruse had no involvement in Plaintiff's care after leaving his position with the BOP on January 23, 2016. (Doc. 38-4, Ex. D, ¶¶ 1-2). Finally, Braggs had no involvement with Plaintiff's medical care in her position or following retirement on November 30, 2016.[2] (Doc. 38-5, Ex. E, ¶¶ 1-4). Plaintiff filed his Complaint 6½ years after Adesanya's retirement and Braggs' only disclosed interaction with Plaintiff, 5½ years after Gillian's retirement, and 2½ years after Kruse's new job assignment. The continuing violation doctrine does not save Count 3.

---

[2] The only interaction with Braggs occurred on December 1, 2011. (Doc. 1, p. 11; Doc. 38-5, Ex. E, ¶ 1).

In light of the foregoing discussion, the Court finds that Defendants are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies and timely file this action.

## DISPOSITION

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. 38) is **GRANTED**. Plaintiff failed to exhaust his administrative remedies before filing suit. Further, **COUNT 3** is **DISMISSED with prejudice** as being time-barred against Defendants **HAROLD GILLIAN, TIMONTY ADESANYA, MRS. BRAGGS,** and **DR. KRUSE**.

The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 3/3/2020**               s/J. Phil Gilbert
                                   **J. PHIL GILBERT**
                                   **United States District Judge**